

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 26 2008
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No.:08-CR-698 |
| v. | Violation: 33 U.S.C. § 1319(c)(2) |
| | Clean Water Act Violation |
| **FRAZER AND JONES COMPANY, INC.** | |
| **Defendant.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America and **FRAZER AND JONES COMPANY, INC.,** (as used hereafter, **"FRAZER AND JONES"** refers to both Frazer & Jones Company, Inc., and its predecessor, Frazer & Jones Company, which obtained the Clean Water Act permit referenced herein prior to the incorporation of Frazer & Jones Company, Inc.), a corporation organized and existing under the laws of the State of New York, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

1. **RIGHTS OF FRAZER AND JONES.** FRAZER AND JONES understands its rights:

    (a)  to be represented by an attorney;

    (b)  to be charged by Indictment;

    (c)  to plead not guilty to any criminal charge brought against it;

1

  (d) to have a trial by jury, throughout which it would be presumed to be not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

  (e) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

  (f) to appeal its conviction if it is found guilty at trial; and

  (g) to appeal the imposition of sentence against it.

  2. **AGREEMENT TO PLEAD GUILTY AND WAIVE RIGHTS.** FRAZER AND JONES waives the rights set out in Paragraph 1(b)-(f) above. FRAZER AND JONES also waives its right to appeal the imposition of sentence against it, so long as the sentence imposed is consistent with the recommendation in Paragraph 9 of this Plea Agreement. Pursuant to Fed. R. Crim. P. 7(b), FRAZER AND JONES will waive indictment and plead guilty at arraignment to a one count Information to be filed in the United States District Court for the Northern District of New York. The Information will charge FRAZER AND JONES with knowingly violating the Clean Water Act from 1990 through 2007, in violation of 33 U.S.C. § 1319(c)(2)

  3. Pursuant to the terms of this Plea Agreement, FRAZER AND JONES will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5 below. As is set forth more fully in Paragraph 9(d) below, FRAZER AND JONES shall pay a fine of $250,000, portions of which shall be suspended on the condition that FRAZER AND JONES perform specified environmental tasks and make specified environmental expenditures toward that end.

  4. **ELEMENTS OF THE OFFENSE**. FRAZER AND JONES, through its authorized representative, acknowledges that it is aware of the elements of the offense to

which it is entering a guilty plea. Specifically, if this case were to proceed to trial, the United States would have the burden of proving beyond a reasonable doubt each of the elements of the Clean Water Act violation. The legal elements of the Clean Water Act violation are as follows:

    a.    1) The defendant knowingly; 2) discharged a pollutant; 3) from a point source; 4) into a navigable water of the United States; 5) without or in violation of a permit issued under the authority of the Clean Water Act.

5.    **FACTUAL BASIS FOR OFFENSE CHARGED**. FRAZER AND JONES admits the following facts which establish its guilt beyond a reasonable doubt for the offense stated in the Information:

(a)    FRAZER AND JONES operates a foundry at 3000 Milton Avenue, in the Village of Solvay, New York, that manufactures iron casings, including braces for use in the mining industry. From at least since 1990, FRAZER AND JONES has had a permit issued to it by the New York States Department of Environmental Conservation, under authority delegated to it by the United States, pursuant to the Clean Water Act (hereafter Clean Water Act permit).

(b) From approximately 1990 through 2007, FRAZER AND JONES knowingly violated its Clean Water Act permit and knowingly engaged in conduct that was not allowed by its permit.

(c)    Specifically, from 1990 through 2007, under its Clean Water Act permit FRAZER AND JONES was required to, but did not, monitor water discharged from its facility for temperature, PH and flow rates.

(d) FRAZER AND JONES, INC's Clean Water Act permit authorized it to discharge water at a temperature no greater than 70 degrees Fahrenheit, but, throughout this period, it discharged such water on a periodic basis at a temperature in excess of 70 degrees (Fahrenheit) from a point source to a navigable water of the United States.

(e) On a periodic basis from October 2006 through May 2007 FRAZER AND JONES discharged waste water from its core room (via pipes constituting a point source) to a tributary of Geddes Brook (a navigable water of the United States) which contained phenols and formaldehyde. FRAZER AND JONES's Clean Water Act permit did not allow for any discharge at any level of these chemicals.

6. **POSSIBLE MAXIMUM SENTENCE**. FRAZER AND JONES understands that the maximum penalty which may be imposed against it upon conviction for a one count felony violation of the Clean Water Act is:

(a) $ 500,000 (18 U.S.C. § 3571(c)); or

(b) twice the gross pecuniary gain derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(c) and (d)).

7. In addition, FRAZER AND JONES understands that:

(a) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order FRAZER AND JONES to pay a special assessment of $400 upon conviction for the charged crimes; and

(b) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

8. **SENTENCING GUIDELINES**. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the advisory United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight which provides guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to

U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a corporate fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

9.  **FIXED SENTENCING AGREEMENT**. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), subject to the District Court's acceptance, the United States and FRAZER AND JONES agree that the appropriate disposition is a fine of $250,000 but that $185,500 of this amount shall be suspended on the condition that it shall be used as follows in environmental compliance at FRAZER AND JONES's Solvay facility:

(1) Preparation of Environmental Compliance Plan designed to prevent future violations of applicable environmental laws and permits issued thereunder - $30,000.

(2) Evaluation of air emissions and implementation of necessary controls - $50,000.

(3) Evaluation of wastewater and stormwater discharges and implementation of necessary controls - $15,500.

(4) Preparation and implementation of site hydrogeologic investigation work plan to evaluate foundry sand and other disposal practices and any potential off-site impacts - $70,000.

(5) Payment of a $20,000 civil fine to New York State Department of Environmental Conservation pursuant to an Order on Consent in Case No. R7-20070919-66.

The remaining Sixty-Four Thousand Five Hundred Dollars ($64,500) fine shall be made payable to the United States District Court Clerk and due at the time of imposition of sentence. Proof of the expenditure of the amounts set forth in paragraphs (1) through (5) for the tasks described therein shall be submitted to the United States Probation Office and

United States Attorney's Office and shall constitute compliance with this paragraph.

(a) FRAZER AND JONES will be placed on a term of probation for two years, during which time all $185,500 shall be expended for the tasks set forth in (1) through (5) above. The Environmental Compliance Plan must be promptly prepared and submitted to the United States Probation Office and to the United States and approved as adequate by these entities.

(b) FRAZER AND JONES understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c) <u>Sentencing</u>. The parties agree that pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) they will place information in the record enabling the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the Probation Department conducting a Pre-sentence Investigation, and further agree to jointly recommend that the Court waive the preparation of the Presentence Report (PSR) in this matter. The parties will advise the Court at the time of the plea whether they request an adjournment prior to imposition of sentence. The Court's denial of the request, if made, to impose sentence on an expedited schedule, or to direct the preparation of a PSR, will not void this Plea Agreement.

(d) FRAZER AND JONES shall not seek nor take a tax deduction for any of the $64,500 fine paid to the United States or the $20,000 civil fine paid to the State of New York.

10. **APPLICATION OF THE AGREEMENT**. This Agreement shall bind FRAZER AND JONES and its successors and assigns. FRAZER AND JONES or its successors-in-interest, if applicable, shall provide to the United States Attorney's Office and the United States Probation Office immediate notice of any name change, corporate reorganization, sale or purchase of substantial assets, or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate

reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter FRAZER AND JONES's responsibilities under this Agreement. FRAZER AND JONES and any affiliated companies, including its parent corporation, shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11. Subject to the ongoing, full, and truthful cooperation of FRAZER AND JONES described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court of the fact, manner, and extent of FRAZER AND JONES cooperation and its commitment to prospective cooperation with the United States' investigations and prosecutions, material facts relating to FRAZER AND JONES involvement in the charged offense, and other relevant conduct.

12. The United States and FRAZER AND JONES understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence (except for the expedited imposition of sentence), the United States and FRAZER AND JONES agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b) If the Court does not accept the Rule 11(c)(1)(C) sentence (except for the expedited imposition of sentence), FRAZER AND JONES will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If FRAZER AND JONES withdraws its plea of guilty, this Plea Agreement and the guilty plea shall not be admissible against FRAZER AND JONES in any criminal proceeding except as otherwise provided in Fed. R. Crim. P. 11(f). FRAZER AND JONES agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense to which it can be charged will be tolled for the period between the date of the signing of the Plea Agreement and the date FRAZER AND JONES withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is

greater.

13. **FRAZER AND JONES COOPERATION**. FRAZER AND JONES will cooperate fully and truthfully with the United States in the prosecution of this case and in any investigation, litigation, criminal prosecution or other proceedings (hereafter Federal Proceeding) arising from or related to the subject matter about which FRAZER AND JONES is pleading guilty. FRAZER AND JONES will make all reasonable efforts to ensure that its current and former officers, employees, consultants, vendors and experts cooperate with the United States and truthfully disclose all information about their activities and those of others relating to any criminal environmental matter related to the subject matter of this plea agreement about which assistance is requested. The ongoing, full, and truthful cooperation of FRAZER AND JONES shall include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, in the possession, custody, or control of FRAZER AND JONES requested by the United States in connection with the subject matter of the plea agreement.

(b) securing the ongoing, full, and truthful cooperation of any of its officers, employees, consultants, and experts, including making such persons available in the United States for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. FRAZER AND JONES will advise those persons identified in this paragraph that they are encouraged to cooperate; cooperation includes providing information to the Government, being interviewed by Government agents or attorneys, and testifying in official proceedings. FRAZER AND JONES will grant liberal leave if necessary at its expense to facilitate cooperation with the Government;

(c) During the period of probation, FRAZER AND JONES shall provide to government agents full access to its facility and employees, including access to business records related to this plea agreement.

(d)     No FRAZER AND JONES employees will be fired, demoted, reassigned or otherwise suffer a reduction in pay or other benefits because of their truthful cooperation with the United States with respect to the alleged criminal violations under investigation.

14.     **GOVERNMENT'S AGREEMENT**. Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against FRAZER AND JONES or any affiliated entity thereto, for any act or offense committed before the date of this Plea Agreement, known to the United States as a result of its investigation. The nonprosecution terms of this paragraph do not apply to civil or administrative matters of any kind, to any violation of the federal tax laws, or to any crime of violence.

15.     FRAZER AND JONES understands that it may be subject to civil or administrative action by federal or state agencies, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of FRAZER AND JONES as a matter for that agency to consider before determining what administrative action, if any, to take.

16.     **REPRESENTATION BY COUNSEL**. FRAZER AND JONES has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. FRAZER AND JONES has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

17. **VOLUNTARY PLEA**. FRAZER AND JONES 's decision to enter into this

9

Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to FRAZER AND JONES as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

18. **VIOLATION OF PLEA AGREEMENT**. FRAZER AND JONES, through its authorized representatives, recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence solely because of the promises made by FRAZER AND JONES in this Agreement. If FRAZER AND JONES breaches this Agreement, or if FRAZER AND JONES withdraws its guilty plea pursuant to paragraph 12 of this Agreement, the United States retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence. If the actions of FRAZER AND JONES or any of its agents and/or employees breaches this Agreement, FRAZER AND JONES will not be able to withdraw its guilty plea, and the United States will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the United States elects to pursue any charge that was not filed as a result of this Agreement, FRAZER AND JONES expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 19 below.

19. FRAZER AND JONES understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of FRAZER AND JONES's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, FRAZER AND JONES unconditionally waives its

right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

20. **CORPORATE AUTHORIZATION.** FRAZER AND JONES states that it is authorized to enter into this Agreement. At the time of signing by FRAZER AND JONES' representatives, FRAZER AND JONES shall provide the United States with a written statement in the form of a corporate resolution certifying that FRAZER AND JONES is authorized to enter into and comply with all of the terms of this Agreement and that it has also been authorized by the parent corporation of FRAZER AND JONES. The corporate resolution shall certify that FRAZER AND JONES's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. FRAZER AND JONES agrees that the plea of guilty will be entered by FRAZER AND JONES through its attorney, and that he is authorized to enter the plea of guilty on FRAZER AND JONES's behalf. By entering this guilty plea, FRAZER AND JONES hereby waives all objections to the form of the charging document, admits that it is in fact guilty of the offense as set forth in the Information, and that the Factual Statement set forth in this Agreement is a true and accurate statement of FRAZER AND JONES's criminal conduct and that it provides a sufficient basis for FRAZER AND JONES's plea of guilty to the offense charged in the Information.

21. **WAIVER OF APPEAL.** FRAZER AND JONES, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give FRAZER AND JONES the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, FRAZER AND JONES knowingly and voluntarily agrees to waive the following rights:

    a.    The right, conferred by 18 U.S.C. § 3742, to appeal the sentence

imposed by the Court for the conviction of these offenses, including restitution;

      b.    The right to appeal any aspect of FRAZER AND JONES's conviction, including any pre-charge or pre-trial dispositions of motions, if any, or other issues; and

      c.    The right to bring any collateral attack against FRAZER AND JONES's conviction or sentence, except as it may relate to the effectiveness of legal representation.

22.   **ENTIRETY OF AGREEMENT.** This Plea Agreement constitutes the entire agreement between the United States and FRAZER AND JONES concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and FRAZER AND JONES.

FRAZER AND JONES

By: _____
Jonathan Fellows
Attorney for FRAZER AND JONES
Bar Role No. 101628

ANDREW T. BAXTER
UNITED STATES ATTORNEY

By: _____
Craig A. Benedict
Assistant U.S. Attorney
Bar Role No. 101130